1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>VIKING GROUP, INC.; THE VIKING CORPORATION; and SUPPLY NETWORK, INC. d/b/a VIKING SUPPLYNET,<br><br>Defendants. | Case No. 2:23-cv-01112<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>Removed from King County Superior Court (Case No. 23-2-10719-5 SEA)<br><br>[28 U.S.C. §§ 1332(a), 1441, and 1446] |

**TO:      THE CLERK OF COURT FOR THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**
**AND TO:      PLAINTIFF AND ITS ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE THAT, Defendants Viking Group, Inc.; the Viking Corporation; and Supply Network, Inc. d/b/a Viking SupplyNet (collectively "Defendants"), by and through counsel, removes the above-entitled action to this Court from the Superior Court of the State of Washington in and for King County, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because diversity exists and the amount in controversy exceeds $75,000. Defendants deny the allegations and relief sought, and file this Notice without waiving any defenses, exceptions, or obligation that may exist in its favor. Defendants will provide additional evidence to support the

NOTICE OF REMOVAL - 1
CASE NO. 2:23-CV-01112

allegations of this pleading as required in the event a challenge is raised to the Court's jurisdiction.

This removal is based on the following grounds:

## I.   PROCEDURAL BACKGROUND

1.     On June 13, 2023, Plaintiff filed its Complaint against Defendants in King County Superior Court, entitled *Ohio Security Insurance Company v. Viking Group, Inc. et al.*, King County Case No. 23-2-10719-5 SEA.

2.     On June 26, 2023, Plaintiff served copies of the Summons and Complaint on the registered agent for Defendants.  Copies of these documents are attached hereto as **Exhibit A**.

3.     The Complaint seeks compensatory damages in an amount of at least $1,094,994.00, prejudgment interest, costs, treble damages, and attorneys' fees.  *See* Ex. A, Compl., ¶¶ 80(1)-(4).

## II.   REMOVAL IS TIMELY

4.     Plaintiffs served the registered agent for Defendants on June 26, 2023.  Thirty days from service of the Summons and Complaint therefore falls on July 26, 2023.  Because this Notice of Removal is filed within 30 days of service, it is timely under 28 U.S.C. §§ 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999) (explaining that the 30-day period for removal runs from the service of the summons and complaint).

## III.   THE COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

5.     This Court has subject matter jurisdiction because (1) there is complete diversity of citizenship between Plaintiff and all Defendants; (2) the amount in controversy exceeds $75,000 exclusive of interest and costs; and (3) all other requirements for removal are satisfied.

### A.   Diversity of Citizenship Exists.

6.     "A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of plaintiff's complaint." *Diener as Tr. of Michael A. Diener Tr., dated 12 June 2017 v. Super Structures FL, LLC*, 2023 WL 3645504, at *1 (E.D. Cal. May 25, 2023). There is complete diversity of citizenship in this case because the face of the Complaint shows

that Plaintiff is a corporate entity organized under the laws of New Hampshire with its principal place of business in Boston, Massachusetts, and that Defendants are all citizens of states other than Washington.

### 1.    Plaintiff is a Citizen of New Hampshire and Massachusetts.

7.    For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

8.    Plaintiff is a corporate entity organized under the laws of New Hampshire, with its principal place of business in Massachusetts. Ex. A, Compl., ¶ 1. Under the removal statute, Plaintiff is a citizen of New Hampshire and Massachusetts.

### 2.    Defendants are Citizens of Michigan.

9.    Defendant Viking Group, Inc. is a corporate entity organized under the laws of Michigan, with a principal place of business in Caledonia, Michigan. *Id.* ¶ 3.

10.    Defendant the Viking Corporation is a corporate entity organized under the laws of Michigan, with its principal place of business in Michigan. *Id.* ¶ 5.

11.    Defendant Supply Network, Inc., d/b/a Viking SupplyNet is a corporate entity organized under the laws of Michigan, with its principal place of business in Michigan. *Id.* ¶ 7. Thus, all three Defendants are citizens of Michigan.

### 3.    Complete Diversity of Citizenship Exists.

12.    In sum, because Plaintiff is a citizen of New Hampshire and Massachusetts, and Defendants are all citizens of Michigan, there is complete diversity of citizenship.

### B.    The Amount in Controversy Exceeds $75,000.

13.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

14.    The face of Plaintiff's Complaint shows that Plaintiff seeks at least $1,094,994.00 in damages, plus treble damages and attorneys' fees. Compl. ¶¶ 20, 80(1)-(4). Thus, the amount

in controversy expressly exceeds the jurisdictional threshold of $75,000.

**C.  All Other Requirements for Removal are Satisfied.**

15.  *Removal is Timely.* This removal is timely. *See* ¶ 4, *supra*.

16.  *All Defendants Consent to Removal*. Below counsel are attorneys of record for all three Defendants. Pursuant to 28 U.S.C. § 1446(b), all named Defendants consent to removal.

## IV.  VENUE

17.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Western District of Washington embraces the place where this action is pending, namely, King County Superior Court.

## V.  NOTICE

18.  Defendants will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## VI.  CONCLUSION

Based on the foregoing, Defendants request that this action be removed to this Court.  If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of their position that this case is subject to removal.

//

//

//

//

//

//

//

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

1    DATED this 25th day of July, 2023.

2

3                  **MORGAN, LEWIS & BOCKIUS LLP**

4                  By: *s/ Per D. Jansen*
                    Per D. Jansen, WSBA No. 49966

5                    1301 Second Avenue, Suite 2800
                    Seattle, WA 98101

6                    Phone: (206) 274-6400
                    Email: per.jansen@morganlewis.com

7

8                  Franco A. Corrado (*Pro Hac Vice to be submitted*)
                    1701 Market Street, Floor 14

9                    Philadelphia, PA 19103
                    Phone: (215) 963-5843

10                 Email: franco.corrado@morganlewis.com

11                 *Attorneys for Defendants*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# EXHIBIT A

ØŠÒÖ

GŒGÕÁRÚ ÁFÁHÆÁGÓÀÁT
SÅÒÕÁÓÙ WÁPVÝ
ÙMÚÒÙÖ QÙÁÕÙ WÜÙVÁŠÒÜS
ÒÊÁŠÒÖ
ÔŒÙÒÁMÅ HÆ GÊ Ø FJÜ ÁÙÒŒ

# SUPERIOR COURT OF THE STATE OF WASHINGTON

## IN AND FOR KING COUNTY

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY, | No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | |
| VIKING GROUP, INC.; THE VIKING CORPORATION; and SUPPLY NETWORK, INC. d/b/a VIKING SUPPLYNET | |
| Defendant. | |

     **COMES NOW** Plaintiff, OHIO SECURITY INSURANCE COMPANY, and by way of this Complaint alleges as follows:

<u>**PARTIES**</u>

     1.    Plaintiff, OHIO SECURITY INSURANCE COMPANY ("Ohio Security"), is a corporation organized and existing pursuant to the laws of the State of New Hampshire, with a principal place of business located at 175 Berkeley Street, Boston, MA 02116.

     2.    At all material times, Ohio Security was authorized to issue policies of insurance in the State of Washington.

COMPLAINT FOR DAMAGES - 1

CLEMENT & DROTZ PLLC
4205 148th Avenue NE, Suite 201
Bellevue, WA 98007
Telephone (206) 219-4819

3.      Defendant, VIKING GROUP, INC. ("Viking Group"), is a corporation organized and existing pursuant to the laws of the State of Michigan, with a principal place of business located at 5150 Beltway Drive SE, Caledonia, MI 49316.

4.      Defendant, Viking Group, holds itself out as an entity having significant expertise in designing, supplying and selling "high-quality, worry-free" fire protection products and services.[1]

5.      Defendant, THE VIKING CORPORATION ("Viking Corporation"), is a corporation organized and existing pursuant to the laws of the State of Michigan with principal places of business located at 210 N. Industrial Park Drive, Hastings, MI 49058 and 5150 Beltway Drive SE, Caledonia, MI 49316.

6.      Defendant, Viking Corporation, holds itself out as an industry leader in designing and manufacturing "the finest fire protection products" which are "rigorously tested" to withstand "the test of time."[2]

7.      Defendant, SUPPLY NETWORK, INC. d/b/a VIKING SUPPLYNET ("Supply Network") is a corporation organized and existing pursuant to the laws of the State of Michigan, with a principal place of business located at 5150 Beltway Drive SE, Caledonia, MI 49316.

8.      Defendant, Supply Network, serves as an agent, representative, distributor and supplier for Viking Group and Viking Corporation.

9.      Specifically, Viking Group and Viking Corporation utilize Supply Net to distribute and sell the fire protection products designed and manufactured by Viking Group and Viking Corporation to fire protection contractors and others.

[1] https://www.vikinggroupinc.com/about-viking/viking-group-inc
[2] https://www.vikinggroupinc.com/en/about/corporation

COMPLAINT FOR DAMAGES - 2

CLEMENT & DROTZ  PLLC
4205 148TH AVENUE NE, SUITE 201
BELLEVUE, WA 98007
TELEPHONE (206) 219-4819

1      10.     Upon information and belief, Supply Network is a controlled subsidiary of

2   Viking Group and/or Viking Corporation.

3                                **FACTS**

4      11.     At all material times, Eco Flats LLC ("Eco Flats") owned an eight-unit

5   apartment building located at 4730 9th Ave. NE, Seattle, WA 98105 (hereinafter, the

6   "Building").

7      12.     At all material times, Ohio Security insured Eco Flats with respect to the

8   Building under a policy of insurance (hereinafter, the "Policy").

9      13.     In 2015 and 2016, Eco Flats purchased a sprinkler system that was installed

10  inside the Building.

11     14.     The sprinkler system inside the Building was equipped with Viking 457 fire

12  sprinklers.

13     15.     The Viking 457 sprinklers in the Building were designed, assembled,

14  manufactured, marketed, distributed, supplied and sold by Defendants.

15     16.     The Viking 457 fire sprinklers were intended to open and discharge water upon

16  exposure to heat associated with fire in order to extinguish or suppress fire.

17     17.     On July 31, 2021, a Viking 457 sprinkler located on the Building's fourth floor

18  (hereinafter, the "Sprinkler") actuated and discharged massive quantities of water into the

19  Building *without any exposure to heat or fire*, thereby causing significant water damage to the

20  Building and property located therein (hereinafter, the "Incident").

21     18.     Upon information and belief, the Sprinkler was manufactured by Defendants in

22  2014.

23

COMPLAINT FOR DAMAGES - 3

19.     The Sprinkler improperly activated, and caused the Incident, due to well-known design and/or manufacturing defects inherent in certain Viking 457 sprinklers manufactured in and around 2014 which have been documented in numerous lawsuits, including a class action lawsuit captioned *Jackson, et al. v. Viking Group, Inc., et al.,* No. 8:18-cv-02356-PJM (D.Md.).  *See also, Thorpe Design, Inc. v. Viking Corp.,* No. 15-cv-03324-EDL, ECF Nos. 14, 105 (N.D. Cal. Sept. 15, 2015) (wherein the plaintiff alleged that a Viking VK457 sprinkler activated without the presence of a fire).

20.     Ohio Security insured the Building at the time of the Incident, and in accordance with the terms and conditions of the Policy issued by Ohio Security to Eco Flats, was required to pay and did pay an amount in excess of $1,094,994.00 as a result of the Incident.

21.     Ohio Security is now legally, contractually and equitably subrogated as to its insured's rights against Defendants to the extent of Ohio Security's payments.

## JURISDICTION AND VENUE

22.     Jurisdiction is proper in this matter pursuant to RCW 2.08.010 and RCW 4.28.185.

23.     Defendant, Supply Network, conducts business out of its King County facility located at 8001 S. 224th Street, Kent, WA 98032.

24.     Moreover, all Defendants have continuously and systematically transacted business in the State of Washington; marketed and sold a substantial amount of fire protection products throughout the State; and placed such products in the stream of commerce with the knowledge that such products would be sold and used in this State.

COMPLAINT FOR DAMAGES - 4

CLEMENT & DROTZ PLLC
4205 148TH AVENUE NE, SUITE 201
BELLEVUE, WA 98007
TELEPHONE (206) 219-4819

25.    Venue is proper in this Court pursuant to RCW 4.12.025, as Defendant, Supply Net, resides in King County and/or maintains an office for the transaction of business in King County; all Defendants conduct business in King County; and this action concerns Defendants' tortious conduct which resulted in damage to a property located in Kings County.

**COUNT I**
**PRODUCTS LIABILITY CLAIM PURSUANT TO**
**WASHINGTON PRODUCT LIABILITY ACT, RCW 7.72 <i>et seq.</i> – DESIGN DEFECT**
***Plaintiff v. All Defendants***

26.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein at length.

27.    Plaintiff is a "claimant" as defined in the Washington Product Liability Act, RCW 7.72 *et seq.* (hereinafter, "WPLA").  *See* RCW 7.72.010(5).

28.    Defendants are "product sellers," as defined in the WPLA, as Defendants are manufacturers, wholesalers and/or distributors engaged in the business of selling fire protection products, including sprinklers and their component parts.  RCW 7.72.010(1).

29.    Defendants are "manufacturers" as defined in the WPLA, as Defendants are product sellers who design, produce, make, fabricate and/or construct fire protection products, such as sprinklers, and/or Defendants hold themselves out as manufacturers of such products. RCW 7.72.010(2).

30.    The Sprinkler is a "product" as defined in the WPLA.  RCW 7.72.010(3).

31.    Defendants designed, produced, manufactured, constructed, distributed, tested, assembled, labeled, advertised, promoted, marketed, supplied and sold the Sprinkler for the specific purpose that it would be installed within a structure, such as the Building, and for the purpose that the Sprinkler would activate and release water only when exposed to the heat associated with fire.

COMPLAINT FOR DAMAGES - 5

CLEMENT & DROTZ PLLC
4205 148TH AVENUE NE, SUITE 201
BELLEVUE, WA 98007
TELEPHONE (206) 219-4819

32.     The Sprinkler was not reasonably safe as designed because, at the time of its manufacture, the likelihood that the Sprinkler would cause substantial property damage associated with the sudden and unexpected discharge of water into a building outweighed any alleged: a) burden on Defendants to design a sprinkler that would not unexpectedly actuate in the absence of heat; and b) adverse effect that an alternate design that was practical and feasible would have on the usefulness of the Sprinkler.

33.     At the time the Sprinkler left Defendants' possession, custody and control, Defendants knew or had reason to know of the use and purpose for which the Sprinkler was intended.

34.     Defendants' Sprinkler was expected to reach, and did reach, its intended user, i.e. Eco Flats, LLC, without any substantial change in the Sprinkler's condition.

35.     The Incident occurred as a direct, proximate and foreseeable result of Defendants' failure to design, manufacture, assemble, market, supply, distribute and sell the Sprinkler in a reasonably safe condition, consistent with Defendants' representations and express and implied warranties regarding the safe and merchantable quality of the product.

36.     An ordinary consumer would not have understood and/or discovered the defective and unsafe condition of the Sprinkler prior to the Incident and the Sprinkler was unsafe to an extent beyond that which could be contemplated by an ordinary consumer.

37.     As a direct, proximate and foreseeable result of the aforesaid defective nature of the Sprinkler, the Incident was caused to occur and the Building sustained significant damages.

38.     Ohio Security insured the Building at the time of the Incident, and in accordance with the terms and conditions of the Policy issued by Ohio Security to Eco Flats,

CLEMENT & DROTZ PLLC
4205 148TH AVENUE NE, SUITE 201
BELLEVUE, WA 98007
TELEPHONE (206) 219-4819

1    LLC, was required to pay and did pay an amount in excess of $1,094,994.00 as a result of the

2    Incident.

3        39.    Ohio Security is now legally, contractually and equitably subrogated as to its

4    insured's rights against Defendants to the extent of Ohio Security's payments.

5                          **COUNT II**
                **PRODUCTS LIABILITY CLAIM PURSUANT TO**
6    **WASHINGTON PRODUCT LIABILITY ACT, RCW 7.72 *et seq.* –**
                  **INADEQUATE WARNINGS AND INSTRUCTIONS**
7                       ***Plaintiff v. All Defendants***

8        40.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein at

9    length.

10       41.    The Sprinkler was not reasonably safe and defective because warnings

11   regarding the propensity of the Sprinkler to spontaneously actuate in the absence of external

12   heat and cause property damage were not provided with the Sprinkler at any time.

13       42.    At the time of its manufacture, the likelihood that the Sprinkler would cause

14   Plaintiff and Eco-Flats harm in the form of property damage caused by the spontaneous

15   actuation in the absence of any heat source, and the seriousness of this harm, rendered the

16   Sprinkler defective because Defendants could have but failed to provide adequate warnings

17   regarding this harm or adequate instructions as to how to avoid this harm.

18       43.    As a direct, proximate and foreseeable result of the aforesaid defective nature

19   of the Sprinkler, the Incident was caused to occur and the Building sustained significant

20   damages.

21       44.    Ohio Security insured the Building at the time of the Incident, and in

22   accordance with the terms and conditions of the Policy issued by Ohio Security to Eco Flats,

23

CLEMENT & DROTZ PLLC
4205 148TH AVENUE NE, SUITE 201
BELLEVUE, WA 98007
TELEPHONE (206) 219-4819

LLC, was required to pay and did pay an amount in excess of $1,094,994.00 as a result of the Incident.

45.     Ohio Security is now legally, contractually and equitably subrogated as to its insured's rights against Defendants to the extent of Ohio Security's payments.

## COUNT III
## PRODUCTS LIABILITY CLAIM PURSUANT TO
## WASHINGTON PRODUCT LIABILITY ACT, RCW 7.72 *et seq.* –
## INADEQUATE POST-SALE WARNINGS AND INSTRUCTIONS
### *Plaintiff v. All Defendants*

46.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein at length.

47.     The Sprinkler was not reasonably safe and defective because adequate warnings or instructions regarding the propensity of the Sprinkler to spontaneously actuate in the absence of external heat and cause property damage were not provided after the Sprinkler was manufactured even though Defendants learned and/or acting as a reasonably prudent manufacturer should have learned that the Sprinkler had a propensity to spontaneously actuate in the absence of external heat and cause property damage.

48.     By failing to provide adequate warning or instructions regarding the dangers posed by the Sprinkler after it was manufactured, Defendants failed to act in a manner that a reasonably prudent manufacturer would have acted under the circumstances.

49.     At the time of its manufacture, the likelihood that the Sprinkler would cause Plaintiff and Eco-Flats harm in the form of property damage caused by the spontaneous actuation in the absence of any heat source, and the seriousness of this harm, rendered the Sprinkler defective because Defendants could have but failed to provide adequate warnings regarding this harm or adequate instructions as to how to avoid this harm.

COMPLAINT FOR DAMAGES - 8

50.     As a direct, proximate and foreseeable result of the aforesaid defective nature of the Sprinkler, the Incident was caused to occur and the Building sustained significant damages.

51.     Ohio Security insured the Building at the time of the Incident, and in accordance with the terms and conditions of the Policy issued by Ohio Security to Eco Flats, LLC, was required to pay and did pay an amount in excess of $1,094,994.00 as a result of the Incident.

52.     Ohio Security is now legally, contractually and equitably subrogated as to its insured's rights against Defendants to the extent of Ohio Security's payments.

## COUNT IV
## PRODUCTS LIABILITY CLAIM PURSUANT TO
## WASHINGTON PRODUCT LIABILITY ACT, RCW 7.72 *et seq.* –
## STRICT LIABILITY
### *Plaintiff v. All Defendants*

53.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein at length.

54.     Defendants are strictly liable to Plaintiff for the damages caused by the defective Sprinkler because the Sprinkler was not reasonably safe in its construction.

55.     The Sprinkler was not reasonably safe in construction because, when it left Defendants' control, the Sprinkler deviated in a material way from the design specifications and/or performance standards of Defendants.

56.     In particular, the Sprinkler was neither designed to spontaneously actuate in the absence of heat, nor did the performance standards of the Defendants intend for the Sprinkler to spontaneously actuate in the absence of heat.

COMPLAINT FOR DAMAGES - 9

57.     As a direct, proximate and foreseeable result of the aforesaid defective nature of the Sprinkler, the Incident was caused to occur and the Building sustained significant damages.

58.     Ohio Security insured the Building at the time of the Incident, and in accordance with the terms and conditions of the Policy issued by Ohio Security to Eco Flats, LLC, was required to pay and did pay an amount in excess of $1,094,994.00 as a result of the Incident.

59.     Ohio Security is now legally, contractually and equitably subrogated as to its insured's rights against Defendants to the extent of Ohio Security's payments.

**COUNT V**
**BREACH OF IMPLIED WARRANTIES UNDER TITLE 62A RCW**
***Plaintiff v. All Defendants***

60.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein at length.

61.     Eco Flats is a "buyer" pursuant to Title 62A, Uniform Commercial Code, as Eco Flats is a person who buys or contracts to buy goods, such as Sprinklers. RCW 62A.2-103(1)(a).

62.     At all times material hereto, Defendants are "sellers" pursuant to Title 62A, Uniform Commercial Code, as they are persons who sell or contract to sell goods, such as the Sprinkler.  RCW 62A.2-103(1)(d).

63.     At all times material hereto, Defendants were "merchants" pursuant to Title 62A, as they were persons who dealt with the manufacture and sales of sprinkler heads, including the Sprinkler, and held themselves out as having knowledge and skill with respect to the design, manufacture and sale of sprinkler heads.  RCW 62A.2-104 (1).

CLEMENT & DROTZ PLLC
4205 148TH AVENUE NE, SUITE 201
BELLEVUE, WA 98007
TELEPHONE (206) 219-4819

64.     Eco Flats purchased a sprinkler system for the Building in 2015 and 2016, which included the Sprinkler and other Viking 457 sprinklers that were sold by Defendants.

65.     At all times material hereto, Defendants implicitly warranted that the Sprinkler and other Viking 457 sprinklers would be merchantable in that they were of fair and average quality and fit for the ordinary purposes for which sprinklers are used.

66.     At all times materials hereto, Defendants had reason to know that the Sprinklers served a particular purpose, i.e., to actuate in response to heat so as to expel water to suppress fires, and that Eco Flat and other consumers of Viking 457 sprinklers were relying on Defendants' skill and judgment to provide and furnish suitable sprinkler heads for this purpose.

67.     Therefore, Defendants implicitly warranted that the Sprinkler would be fit for its particular purpose as described in the preceding paragraph.

68.     Defendants breached the foregoing warranties because the Sprinkler was not merchantable or fit for the particular purpose for which it was intended to be used because the Sprinkler has the propensity to actuate and discharge water into the Building without exposure to heat or mechanical damage.

69.     As a natural and foreseeable consequence of Defendants' breach of implied warranties, the Incident was caused to occur and the Building sustained significant damages.

70.     Ohio Security insured the Building at the time of the Incident, and in accordance with the terms and conditions of the Policy issued by Ohio Security to Eco Flats, LLC, was required to pay and did pay an amount in excess of $1,094,994.00 as a result of the Incident.

CLEMENT & DROTZ PLLC
4205 148TH AVENUE NE, SUITE 201
BELLEVUE, WA 98007
TELEPHONE (206) 219-4819

71.    Ohio Security is now legally, contractually and equitably subrogated as to its insured's rights against Defendants to the extent of Ohio Security's payments.

**COUNT VI**
**VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT,**
**RCW § 19.86.010 *et seq.***
***Plaintiff vs. All Defendants***

72.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein at length.

73.    Plaintiff and Plaintiff's insured are "persons" as defined in the Washington Consumer Protection Act ("WCPA").  RCW § 19.86.010(1).

74.    Defendants are each "persons" as defined in the WCPA. RCW § 19.86.010(1).

75.    Defendants conduct "trade" and "commerce" as those terms are defined in the WCPA.  RCW 19.86.010(2).

76.    Defendants' conduct, as set forth in the preceding paragraphs, constituted unfair methods of competition and/or deceptive acts or practices in the conduct of trade and commerce, and such conduct is thus unlawful under the WCPA.  RCW § 19.86.020.

77.    Defendants' conduct, as set forth in the preceding paragraphs, directly and proximately caused the Incident and resulting damages to Plaintiff's insured.

78.    Because Defendants' unfair and/or deceptive acts and/or practices caused injury to Plaintiff and Plaintiff's insured, Defendants' conduct was "injurious to the public interest" pursuant to RCW 19.86.093(3).

79.    Ohio Security insured the Building at the time of the Incident, and in accordance with the terms and conditions of the Policy issued by Ohio Security to Eco Flats, LLC, was required to pay and did pay an amount in excess of $1,094,994.00 as a result of the Incident.

COMPLAINT FOR DAMAGES - 12

CLEMENT & DROTZ PLLC
4205 148TH AVENUE NE, SUITE 201
BELLEVUE, WA 98007
TELEPHONE (206) 219-4819

80.     Ohio Security is now legally, contractually and equitably subrogated as to its insured's rights against Defendants to the extent of Ohio Security's payments.

Wherefore, Plaintiff, Ohio Security Insurance Company, prays for judgment in its favor and against Defendants, as follows:

1.  For compensatory damages of at least one million, ninety-four thousand, nine hundred ninety-four dollars ($1,094,994.00), the exact amount of which will be proven at trial;

2.  For prejudgment interest, pursuant to Washington law, according to proof;

3.  For costs of suit, treble damages and attorneys' fees;

4.  For other damages as are appropriate and for which the Court deems just.

DATED this 13th day of June, 2022.

CLEMENT & DROTZ PLLC

By: s/Marnie H. Silver
    Marnie H. Silver, WSBA #34002
    4205 148th Avenue NE, Suite 201
    Bellevue, WA 98007
    Ph: (206) 448-2565
    Fax: 206-219-4819
    msilver@clementdrotz.com
    Attorneys for Plaintiff

CLEMENT & DROTZ PLLC
4205 148TH AVENUE NE, SUITE 201
BELLEVUE, WA 98007
TELEPHONE (206) 219-4819

SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR KING COUNTY

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY, | No. |
| Plaintiff, | **SUMMONS** |
| vs. | |
| VIKING GROUP, INC.; THE VIKING CORPORATION; and SUPPLY NETWORK, INC. d/b/a VIKING SUPPLYNET | |
| Defendant. | |

TO:     THE VIKING CORPORATION

A lawsuit has been started against you in the above-entitled court by Plaintiff Ohio Security Insurance Company ("Plaintiff").   Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against the lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for Plaintiff within twenty (20) days after the date this Summons was served upon you, exclusive of the date of service, or within sixty (60) days if this Summons was also served outside the State of

SUMMONS - 1

CLEMENT & DROTZ PLLC
4205 148TH AVENUE NE, SUITE 201
BELLEVUE, WA 98007
TELEPHONE (206) 219-4819

1   Washington, or a default judgment may be entered against you without notice.  A default

2   judgment is one where Plaintiff is entitled to what it asks for because you have not responded.

3   If you serve a notice of appearance on the undersigned attorney, you are entitled to notice

4   before a default judgment may be entered.

5        Any response or notice of appearance which you serve on any party to this lawsuit

6   must also be filed by you with the court within twenty (20) days after service of this

7   Summons, excluding the day of service.

8        If you wish to seek the advice of an attorney in this matter, you should do so promptly

9   so that your written response, if any, may be served on time.

10       This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

11  State of Washington.

12       DATED this 13th day of June, 2022.

13                              CLEMENT & DROTZ PLLC

14                              By: s/Marnie H. Silver
15                                  Marnie H. Silver, WSBA #34002
                                   4205 148th Avenue NE, Suite 201
16                                  Bellevue, WA 98007
                                   Ph: (206) 448-2565
17                                  Fax: 206-219-4819
                                   msilver@clementdrotz.com
18                                  Attorneys for Plaintiff

19

20

21

22

23

SUMMONS - 2

1
2
3
4
5
6

7          SUPERIOR COURT OF THE STATE OF WASHINGTON

8                    IN AND FOR KING COUNTY

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY, | No. |
| Plaintiff, | **SUMMONS** |
| vs. | |
| VIKING GROUP, INC.; THE VIKING CORPORATION; and SUPPLY NETWORK, INC. d/b/a VIKING SUPPLYNET | |
| Defendant. | |

TO:    SUPPLY NETWORK, INC. d/b/a VIKING SUPPLYNET

       A lawsuit has been started against you in the above-entitled court by Plaintiff Ohio

Security Insurance Company ("Plaintiff").   Plaintiff's claims are stated in the written

Complaint, a copy of which is served upon you with this Summons.

       In order to defend against the lawsuit, you must respond to the Complaint by stating

your defense in writing, and serve a copy upon the undersigned attorney for Plaintiff within

twenty (20) days after the date this Summons was served upon you, exclusive of the date of

service, or within sixty (60) days if this Summons was also served outside the State of

SUMMONS - 1

CLEMENT & DROTZ PLLC
4205 148TH AVENUE NE, SUITE 201
BELLEVUE, WA 98007
TELEPHONE (206) 219-4819

Washington, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what it asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

Any response or notice of appearance which you serve on any party to this lawsuit must also be filed by you with the court within twenty (20) days after service of this Summons, excluding the day of service.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 13th day of June, 2022.

CLEMENT & DROTZ PLLC

By: s/Marnie H. Silver_____
   Marnie H. Silver, WSBA #34002
   4205 148th Avenue NE, Suite 201
   Bellevue, WA 98007
   Ph: (206) 448-2565
   Fax: 206-219-4819
   msilver@clementdrotz.com
   Attorneys for Plaintiff

SUMMONS - 2

ØŠÒÖ
Œ⧳ŒHÁRⴑÞÁFHÁⴹŒKÍÁÚT
SⴹÕÁÕUⴑÞVÝ
ÙⴹÚÒÜŒÙÁÕUⴑÞÜWÁÕŠÒÜS
ÒEⴹŠÒÖ
ÔŒÛÒÖÁⴹⴹⴹGHⴹⴹFⴹ FJÉ ÁÚŒŒ

SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR KING COUNTY

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY, | No. |
| Plaintiff, | **SUMMONS** |
| vs. | |
| VIKING GROUP, INC.; THE VIKING CORPORATION; and SUPPLY NETWORK, INC. d/b/a VIKING SUPPLYNET | |
| Defendant. | |

TO:     VIKING GROUP, INC.

A lawsuit has been started against you in the above-entitled court by Plaintiff Ohio Security Insurance Company ("Plaintiff"). Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against the lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for Plaintiff within twenty (20) days after the date this Summons was served upon you, exclusive of the date of service, or within sixty (60) days if this Summons was also served outside the State of

SUMMONS - 1

1    Washington, or a default judgment may be entered against you without notice.  A default

2    judgment is one where Plaintiff is entitled to what it asks for because you have not responded.

3    If you serve a notice of appearance on the undersigned attorney, you are entitled to notice

4    before a default judgment may be entered.

5        Any response or notice of appearance which you serve on any party to this lawsuit

6    must also be filed by you with the court within twenty (20) days after service of this

7    Summons, excluding the day of service.

8        If you wish to seek the advice of an attorney in this matter, you should do so promptly

9    so that your written response, if any, may be served on time.

10        This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

11    State of Washington.

12        DATED this 13th day of June, 2022.

13                                CLEMENT & DROTZ PLLC

14        By: s/Marnie H. Silver_____

15            Marnie H. Silver, WSBA #34002
              4205 148th Avenue NE, Suite 201
16            Bellevue, WA 98007
              Ph: (206) 448-2565
17            Fax: 206-219-4819
              msilver@clementdrotz.com
18            Attorneys for Plaintiff

19

20

21

22

23

SUMMONS - 2